IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN FOWLIE,

     Plaintiff,                  No. CIV S-09-0881 EFB P

    vs.

J. HAVILAND, et al.,

     Defendants.            ORDER AND
FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(17). *See* 28 U.S.C. § 636(b)(1). This action proceeds on plaintiff's First Amendment freedom of religion claim against defendant James Ward. Dckt. Nos. 10, 11. Plaintiff seeks injunctive relief only. Dckt. No. 10.

     Presently before the court is (1) plaintiff's motion requesting that inmate Ralph Blasingame be substituted as plaintiff because plaintiff has been released from custody, and (2) defendant Ward's motion to dismiss this action on the ground that plaintiff's claim for injunctive relief is moot. Dckt. Nos. 21, 23. Defendant has opposed plaintiff's motion to substitute Blasingame as plaintiff. Dckt. No. 24. Despite an extension of time to do so, plaintiff has not

////

opposed defendant's motion to dismiss. *See* Dckt. No. 26.[1]  For the reasons stated herein, the undersigned denies plaintiff's motion for substitution and recommends that defendant's motion to dismiss be granted.

**I.     Plaintiff's Motion for Substitution**

On March 10, 2011, plaintiff requested that the court substitute inmate Ralph Blasingame as the plaintiff in this action because plaintiff has been released from custody.  Dckt. No. 21. Plaintiff claims that because of his release, he is no longer being deprived of his First Amendment right to religious freedom, but that Blasingame, who is still incarcerated, shares the same religion as plaintiff, and is being deprived of his religious rights.  Plaintiff also alleges that Blasingame has commenced a civil rights action in this court addressing the same allegations that plaintiff has raised in this action.  According to plaintiff, however, this action "has reached higher stages in the civil arena" than Blasingame's action and Blasingame should therefore be substituted as plaintiff in this action for the sake of "judicial economy."  *Id.* at 2.

Defendant argues the court should deny plaintiff's motion because (1) Blasingame is not a party in plaintiff's first amended complaint; (2) plaintiff's claim seeking injunctive relief against defendant is moot since he is no longer incarcerated at California State Prison-Solano; and (3) Blasingame's complaint pending before this court should be decided on its own merit. Dckt. No. 24.

Plaintiff cites to no authority under which this court could substitute Blasingame as plaintiff in this action and the court declines to do so.  While the joinder of plaintiffs may be appropriate in some cases, plaintiff requests substitution, not joinder.  *See* Fed. R. Civ. P. 20(a)(1).  Moreover, this action is not proceeding as a class action in which one or more members of a class may sue on behalf of class members, nor is there any basis for allowing

---

[1] On September 3, 2010, the court advised plaintiff of the requirements for filing an opposition to a motion to dismiss, that failure to oppose such a motion may be deemed a waiver of opposition to the motion, and that failure to comply with the Local Rules may result in a recommendation of dismissal.  Dckt. No. 13.

Blasingame to intervene.  *See* Fed. R. Civ. P. 23(a), 24.  As there is no basis on which to substitute Blasingame as plaintiff in this action, plaintiff's motion for substitution will be denied.

## II.     Defendant's Motion to Dismiss

Defendants moves to dismiss this action on the ground that plaintiff's injunctive relief claim is moot because plaintiff has been released from the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Dckt. No. 23; *See also* Dckt. Nos. 21, 22 (plaintiff's notice of change of address as a result of release from CDCR custody).   A case is moot when it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A federal action should "be dismissed as moot when, by virtue of an intervening event," a federal court cannot grant "any effectual relief whatever" in favor of the party seeking relief. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation omitted).

This action proceeds on plaintiff's claim for injunctive relief based on his allegations that defendant Ward denied him a religious diet while confined to California State Prison, Solano. Dckt. Nos. 10, 11.  However, by plaintiff's own admission, *see* Dckt. No. 21, plaintiff's release from CDCR custody moots his claim for injunctive relief, as he is no longer suffering from the deprivation alleged in the operative complaint.  In light of plaintiff's release from custody, the court cannot grant plaintiff the relief he seeks.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.").

## III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 10, 2011 motion to substitute plaintiff is DENIED.

2. The Clerk of the Court shall randomly assign a United States District Judge to this case.

////

////

1   Further, IT IS HEREBY RECOMMENDED that defendant's March 14, 2011 motion to
2 dismiss this action as moot be granted and the Clerk be directed to close the case..
3   These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 DATED:  May 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4